UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA

-v-

ERICK DANIEL RODRIGUEZ,

Defendant.

21 Cr. 770 (KPF)

**ORDER**

---

KATHERINE POLK FAILLA, District Judge:

On October 13, 2022, Defendant Erick Daniel Rodriguez was sentenced principally to a term of imprisonment of thirty-three (33) months, to be followed by a term of three (3) years of supervised release. (Dkt. #42). On August 21, 2024, Mr. Rodriguez filed a motion requesting that this Court consider a sentence reduction pursuant to Amendment 821 to the United States Sentencing Guidelines ("U.S.S.G." or the "Guidelines"). (Dkt. #57; *see also* Dkt. #63 (reply submission)). The United States Probation Office initially issued a report indicating that Mr. Rodriguez was eligible for such a reduction (Dkt. #55), but subsequently issued an amended report concluding that Mr. Rodriguez was not eligible for a sentence reduction (Dkt. #56). The Government opposes Mr. Rodriguez's motion. (Dkt. #62). The Court has considered the record in this case, and the submissions on this motion, and concludes that Mr. Rodriguez is ineligible for a reduction in his sentence.

Amendment 821 to the Guidelines went into effect on November 1, 2023, and applies retroactively. *See* U.S.S.G. § 1B1.10(d). Among other changes, Amendment 821 modified the calculation of offense levels of those defendants

who were found to have zero criminal history points under U.S.S.G. § 4C1.1.  It provided for a reduction of two levels in the offense level of defendants who did not receive any criminal history points and whose offense of conviction did not involve one or more specified aggravating factors.  As relevant here, entitlement to the reduction required that the defendant "did not personally cause substantial financial hardship."  U.S.S.G. § 4C1.1(a)(6).

To determine "whether [a] defendant's acts or omissions resulted in 'substantial financial hardship,'" a court "shall consider, among other things, the non-exhaustive list of factors provided in Application Note 4(F) of the Commentary to § 2B1.1."  U.S.S.G. § 4C1.1(b)(3).  These factors include whether the offense resulted in the victim:

      i.     becoming insolvent;

     ii.     filing for bankruptcy under the Bankruptcy Code (title 11, United States Code);

    iii.     suffering substantial loss of a retirement, education, or other savings or investment fund;

    iv.     making substantial changes to his or her employment, such as postponing his or her retirement plans;

     v.     making substantial changes to his or her living arrangements, such as relocating to a less expensive home; and

    vi.     suffering substantial harm to his or her ability to obtain credit.

U.S.S.G. § 2B1.1 n.4(F).  In addition, courts in this Circuit have found substantial financial hardship to be present where the number of victims is high, the amount lost is high, or the victims are particularly vulnerable.  *See,*

*e.g.*, *United States* v. *Gowing*, No. 05 Cr. 782-2 (GBD), 2024 WL 3607112, at *2 (S.D.N.Y. July 30, 2024) (finding that attorney who participated in advance fee scheme that yielded more than $15 million and resulted in at least one bankruptcy personally caused substantial financial hardship); *United States* v. *Pagartanis*, No. 18 Cr. 374 (JMA), 2024 WL 2111544, at *2 (E.D.N.Y. May 10, 2024) (finding that "U.S.S.G. § 4C1.1(a)(6) is present because [defendant] personally stole over $13 million from more than a dozen victims ... through the sale of fraudulent investments and Ponzi scheme-like activity"); *United States* v. *Ortiz*, No. 19 Cr. 161 (WFK), 2023 WL 1929690, at *5 (E.D.N.Y. Feb. 10, 2023) (finding that defendant caused substantial financial hardship due to his misappropriation of $224,500); *United States* v. *Bronfman*, No. 18 Cr. 204 (NGG), 2024 WL 1740484, at *1 (E.D.N.Y. Apr. 23, 2024) (finding that taking advantage of immigration status or financial difficulties might qualify as causing substantial financial hardship).

Mr. Rodriguez pleaded guilty to one count of wire fraud, arising from a scheme that he orchestrated by which he defrauded fourteen victims of approximately $339,692 by falsely claiming that he would invest their money for them, and then lying about the profits he generated using their money. (*See* Final Presentence Investigation Report ("PSR" (Dkt. #36)) ¶¶ 9-36). As the Government and the Probation Office have noted (*see* Dkt. #62 (Government opposition); Dkt. #56 (Revised Supplemental Presentence Report)), one of Mr. Rodriguez's victims spoke at his sentencing, and related that as a result of the fraudulent conduct to which Mr. Rodriguez pleaded guilty, the victim lost his

3

job and was unable to secure new employment for approximately one year, took on considerable debt that he must still repay, liquidated his securities portfolio, and lost his home and had to move in with his mother for one year (*see* Dkt. #45 (sentencing transcript) at 20-32).  At the very least, Mr. Rodriguez personally caused substantial financial hardship to this victim.

For these reasons, the Court DENIES Mr. Rodriguez's motion for a sentence reduction.  The Clerk of Court is directed to terminate the motion at docket entry 57.

SO ORDERED.

Dated:   October 3, 2024
         New York, New York

_____
KATHERINE POLK FAILLA
United States District Judge